*Precedendo* awarded.

[MAY TERM, 1797.]

PEPPINGER *against* LOW.

In an action for the breach of a promise of marriage, the declarations of the plaintiff, that she had promised to marry the defendant, made long before the suit brought, are good evidence for the plaintiff to shew the mutuality of the contract.

This was an action brought to recover damages sustained by the plaintiff, in consequence of a breach of a marriage contract. At the trial before Mr. Justice Smith, at the Somerset *Nisi Prius*, his honor had admitted the plaintiff's declarations, made to third persons long before this action

---

was instituted, stating, that she had engaged to marry the defendant, and her willingness to marry him, in order to prove the mutuality of the contract. The jury found a verdict for the plaintiff.—A motion was made for a new trial, on the ground, that the judge had admitted improper evidence to go to the jury. The motion was argued at November term, 1796, and the opinion of the court was now delivered by .

KINSEY, C. J. The ground upon which this application is made, is, that illegal testimony was given at the trial. This was an action for the breach of a contract of marriage, and the judge admitted evidence of declarations made by the plaintiff herself to third persons, a long time before suit brought, to prove the mutuality of the engagement.

In general it may be observed, that all the rules of evidence depend upon the nature of the case and the facts which are to be proved ; and the principles to be observed in admitting or rejecting testimony, must, in some measure, be accommodated to the particular circumstances which are in issue, taking care, however, to adhere, as far as possible, to general rules of law. The case before us seems to be one of that description, in which a strict application of the general rule, that a party's own declaration shall never be admitted to support the action, would be attended with inconvenience and injustice. This action is founded upon a promise of marriage by the defendant, and a subsequent breach of this engagement; and the law requires, what in itself is indeed highly reasonable, that it should be made to appear that the plaintiff was willing to marry the defendant, or, in other words, that there was an actual and mutual contract subsisting between the parties, and not a mere offer on the part of the defendant, which the plaintiff might be at liberty to accept or reject. The obligation must be mutual, or it is not a contract. The declaration, therefore, always states mutual promises, and they must be proved as

laid.  The promise on the part of the man is, indeed, in an action against him, the gist of it, and it must, in some manner or another, be proved on the trial.  But it can seldom occur that positive testimony can be adduced to shew an express promise upon his part, and it is still more difficult to make out, by direct evidence, the assent of the woman.  The privacy with which these arrangements are almost universally made ; the natural timidity of the sex ; and the general customs and opinions of the world, which seem to restrain the woman from making use of those open and direct avowals of a marriage contract, which may sometimes be proved upon the man, render this degree of testimony almost impossible.  It is therefore sufficient, in an action by a woman for a breach of a contract of this kind, to satisfy the jury that she was willing to have complied with the terms of the contract, and that it was not broken off by her.  In order to establish this, it appears to be admissible, in such a case, to prove, that before the action brought the plaintiff had declared her willingness to marry him, or other expressions of the same import.  This would be *prima facie* evidence that she had assented to his proposals, and, if the promise upon his part had been proved, throws upon him the necessity of shewing that there was a refusal subsequently by her.  The case of *Hutton* v. *Mansell*, 6 *Mod.* 172, is in point, and the language of Holt, by whom it was ruled, is applicable, in its full extent, to the case before the court.  Evidence had been given proving an express promise on the part of the man, but none on the woman's side.  *Per Holt.*  "If there be an express promise by the man, and that it appear the woman countenanced it, and, by her actions at the time, behaved herself so as if she agree to the matter, though there be no actual promise, yet that shall be sufficient evidence of a promise on her side."  He also stated, that in a case before Chief Baron Montagu, the same point had been ruled, when he himself was counsel,

and, being dissatisfied with the determination, he had proposed the question to eminent men of those times, who all concurred in opinion with the chief baron.

Unquestionably the present case is at least as strong as that which has been referred to. What a woman expressly says cannot, upon principle, be distinguished from those acts which were held not merely to be admissible, but "sufficient evidence" of a promise by her. It is surely "countenancing" and "behaving as if she had agreed to the matter," and, in our opinion, is less equivocal evidence of her having assented to the defendant's proffer of marriage. Mere exterior conduct and behavior may be ambiguous; it may be misunderstood; it may be insincere on the part of the woman; but declarations and acknowledgments by her, to other persons, that she was engaged, are certain, unequivocal and obligatory. That the language comes from herself, is no stronger an objection than it would be to conduct and behavior which proceed equally from the same source.

Let men be cautious in making no promises, except such as they intend to perform, or for the non-performance of which they shall be able to assign a sufficient reason, and they will be perfectly safe; the other sex, if evidence of this kind is excluded, will not be upon the same, or an equal footing. We are therefore of opinion with the judge who tried the cause, that such evidence was admissible, and the rule for a new trial must therefore be discharged.*

Rule discharged.

---

* In this action, evidence of an express promise not required, but may be inferred from circumstances usually accompanying such a relation between the parties. *Wightman* v. *Coates*, 15 *Mass. Rep.* 1.